UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN RUIZ-SANTOS,<br>    Petitioner,<br><br>v.<br><br>LUIS SPENCER,<br>    Respondent. | )<br>)<br>)<br>)  CIVIL ACTION<br>)  NO. 05-10654-GAO<br>)<br>)<br>) |

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE REMEDIES**

Luis Spencer, the respondent, submits this memorandum of law in support of his motion to dismiss the habeas corpus petition filed by Juan Ruiz-Santos ("petitioner"). As this memorandum explains, the Court should dismiss the suit because the petitioner has failed to exhaust his available state court remedies on each of his claims. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

**BACKGROUND**

On March 3, 1999, an Essex County grand jury returned an indictment charging the petitioner, Juan Ruiz-Santos, with trafficking in 200 grams or more of heroin. *See* Mass. Gen. Laws ch. 94C, § 32E(c)(4). The petitioner was tried before Judge McEvoy and an Essex Superior Court jury from September 28, 2000 through September 29, 2000, when the jury returned a verdict of guilty as charged. That same day, Judge McEvoy sentenced the petitioner to a committed, state prison term of fifteen years to fifteen years and one-day.[1]

The petitioner appealed his conviction to the Massachusetts Appeals Court, where he

---

[1] In Massachusetts, the minimum mandatory sentence for trafficking in 200 grams or more of heroin is fifteen years. Mass. Gen. Laws ch. 94C, § 32E(c)(4).

2

argued that: 1) the evidence was insufficient to convict him; 2) the trial judge erred reversibly by declining to instruct on the lesser included offense of possession of heroin; and 3) cumulative, additional errors resulted in the conviction. In an unpublished order issued pursuant to its rule 1:28, the Appeals Court affirmed the petitioner's conviction on November 24, 2004. *See Commonwealth v. Ruiz-Santos*, 62 Mass. App. Ct. 1112, 818 N.E.2d 641 (2004).

The petitioner then filed an application for leave to obtain further appellate review ("ALOFAR") in the Supreme Judicial Court ("SJC"). In that application, he argued that the evidence was insufficient to sustain his conviction, and that the Appeals Court itself committed error by failing to analyze a trial error that it uncovered during its adjudication of the co-defendant's case.[2] The SJC denied the petitioner's ALOFAR on February 2, 2005. *See Commonwealth v. Ruiz-Santos*, 443 Mass. 1103, 822 N.E.2d 303 (2005). The petitioner filed for relief in this Court on April 1, 2005.

## ARGUMENT

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted); *Adelson v. Dipaolo*, 131 F.3d 259, 261 (1st Cir. 1997). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-491 (1973)). It also prevents piecemeal litigation and "promotes comity in that it would be

---

[2] The petitioner did not identify the "error" in his ALOFAR.

3

unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Duncan v. Walker*, 533 U.S. 167, 179-180 (2001) (internal quotations omitted). In short, "[s]ection 2244(d)(1)'s limitation period and § 2244(d)(2)'s tolling provision, together with § 2254(b)'s exhaustion requirement, encourages litigants *first* to exhaust all state remedies and *then* to file their federal habeas petitions as soon as possible." *Duncan*, 533 U.S. at 181 (emphasis in original). The Supreme Court's interpretation of the doctrine "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose*, 455 U.S. at 520.

In order to exhaust a claim, a petitioner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (quoting *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995) (per curiam)). If the petitioner fails to raise the claim in his application to the state's highest court, he has failed to meet the "fair presentation" standard. *Baldwin*, 541 U.S. at 30-31. This is so even where the state supreme court has an opportunity to read the lower court opinions. *Id.*

A.    The Petitioner Failed To Exhaust One Of His Claims.

In his application for further appellate review, the petitioner claimed that the Appeals Court erred by failing to analyze a trial "error" it uncovered during his co-defendant's appeal in the context of his case. *See* [Supplemental Appendix ("S.A.") 4-5]. He also claimed that the evidence was insufficient to support a conviction. *See* [S.A. 6-9]. In his habeas corpus petition, the petitioner does argue that the evidence was insufficient to convict him, *see* Habe. Pet. ¶

4

12(A), but his second argument, relates to the admission of improper police testimony. Habe Pet. ¶ 12(B). Only a close reading of the petitioner's ALOFAR, in conjunction with an equally close reading of the Appeals Court's opinion in a co-defendant's case, *see Commonwealth v. Henriquez*, 58 Mass. App. Ct. 1006, 790 N.E.2d 242 (2003), reveals that the "error" the petitioner alludes to in his ALOFAR is the same testimony from a police officer that he refers to in his habeas petition. In *Baldwin*, the Supreme Court ruled that a petitioner does not fairly present a federal claim when an appellate judge can discover the claim only by reading lower court opinions in the case. *Baldwin*, 541 U.S. at 31. It follows, therefore, that there is no requirement that a court read an opinion from a petitioner's co-defendant's case. As a result, the petitioner cannot be said to have fairly presented his second claim to the SJC. Under these circumstances, the petitioner has presented a "mixed" petition to this Court, *see, e.g., Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004) ("mixed" petition contains both exhausted and unexhausted claims), which, under the circumstances of this case, ought to be dismissed.

  B. <u>This Court Should Dismiss the Petition Or, in the Alternative, Order the Petitioner to Amend His Petition to Present Only The Claim Which He Has Exhausted</u>.

In light of the interplay between *Rose* and AEDPA's statute of limitations, many courts, the First Circuit included, adopted "stay-and-abeyance" procedures. These procedures permit a district court to stay the case while the petitioner returns to state court to exhaust his claims if there is a "'realistic danger that a second petition, filed after exhaustion has occurred, will be untimely.'" *See Nowaczyk v. Warden*, 299 F.3d 69, 79 (1st Cir. 2002) (quoting *Delaney v. Matesanz*, 264 F.3d 7, 13 n.5 (1st Cir. 2001). In *Rhines v. Weber*, the Supreme Court determined that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by

5

allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goals of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." 125 S. Ct. 1528, 1534 (2005). Thus, the Court held, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 1535. In this case, dismissal of the petition is appropriate because the petitioner has made no showing with respect to good cause to stay his petition. Further, there is no realistic danger that a second petition, filed after exhaustion has occurred, will be untimely because the SJC did not deny his ALOFAR until February 2, 2005. Consequently, the petitioner has well-over six months to file a motion for collateral relief in state court. Since the filing of a state motion for collateral relief stays the statute of limitations, *see* 28 U.S.C. § 2244(d)(2), there is no realistic possibility that a second petition will not be timely filed. Dismissal is appropriate under these circumstances.

In the alternative, the Court should order the petitioner to amend the petition to present only the exhausted claims. *See Nowaczyk*, 299 F.3d at 76 ("*Rose* held that a state prisoner who has both exhausted and unexhausted claims can obtain prompt federal review of the exhausted claims if he filed a mixed petition and then amends it to remove the unexhausted claims.").

## CONCLUSION

For the foregoing reasons, this Court should dismiss the habeas corpus petition without prejudice, or, in the alternative, order the petitioner to amend his petition so that it presents only those claims which he has exhausted.

6

                          Respectfully submitted,

                          THOMAS F. REILLY
                          ATTORNEY GENERAL

                          /s/ Daniel I. Smulow
                          Daniel I. Smulow, BBO # 641668
                          Assistant Attorney General
                          Criminal Bureau
                          One Ashburton Place
                          Boston, MA 02108
                          (617) 727-2200, ext. 2949

Dated: June 24, 2005

## Certificate of Service

    I hereby certify that a true copy of the above document was served on Juan Ruiz-Santos, M.C.I. - Norfolk, P.O. Box 43, Norfolk, MA 02056, by first class mail, postage prepaid, on June 24, 2005.

                          /s/ Daniel I. Smulow

## Notice of Filing with Clerk's Office

    Notice is hereby given that the Respondents' Supplemental Appendix has been manually filed with the Court and is available in paper form only.

                          /s/ Daniel I. Smulow

Dated: June 24, 2005