UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN RUIZ-SANTOS,<br>    Petitioner,<br><br>v.<br><br>LUIS SPENCER,<br>    Respondent. | CIVIL ACTION<br>NO. 05-10654-GAO |

**RESPONDENT'S SUPPLEMENTAL APPENDIX TO MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS HABEAS CORPUS PETITION**

The respondent, Luis Spencer, hereby files the application for further appellate review that the petitioner filed in the Supreme Judicial Court as his supplemental appendix to his motion to dismiss for failure to exhaust state remedies.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Daniel I. Smulow, BBO # 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2949

Dated: June 24, 2005

### Certificate of Service

I hereby certify that a true copy of the above document was served on Juan Ruiz-Santos, M.C.I. - Norfolk, P.O. Box 43, Norfolk, MA 02056, by first class mail, postage prepaid, on June 24, 2005.

_____
Daniel I. Smulow

DEC 20 2004

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                    SUPREME JUDICIAL COURT
                                             NO.

                                             APPEALS COURT
                                             NO. 2003-P-1502


COMMONWEALTH

V.

JUAN RUIZ SANTOS

APPLICATION FOR FURTHER APPELLATE REVIEW

Now comes the defendant and applies pursuant to Mass. R. App. P. 27.1, for further appellate review of his conviction on Essex County indictment No. 99-429 charging him with trafficking in heroin in violation of M.G.L. c. 94C, sec. 32E.

JUAN RUIZ SANTOS,

By his attorney,

_____
Ian Stone BBO #645560
351 Pleasant Street, Box 437
Northampton, MA 01060
Ph/Fx 413-665-7535


December 18, 2004

SA 1

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss	SUPREME JUDICIAL COURT
	NO.

	APPEALS COURT
	NO. 2003-P-1502

COMMONWEALTH

V.

JUAN RUIZ SANTOS

MEMORANDUM IN SUPPORT OF
APPLICATION FOR FURTHER APPELLATE REVIEW

The defendant appealed from his conviction on an indictment returned on March 3, 1999, by an Essex County Grand Jury, charging him with trafficking heroin in the amount 200 grams or more. R. 1.[1] He was tried on September 28 and 29, 1999, before the Honorable Burnes, J., and a jury, which on the latter date returned a verdict of guilty. R. 6.

The defendant filed his notice of appeal on November 16, 1999, with leave of the Superior Court. R. 6, 9. His case was docketed in the Appeals Court on November 17, 2003, and oral argument was had in that Court on November 8, 2004. On November 24, 2004, the Court issued a decision pursuant to Rule 1:28, affirming the conviction and citing

---

[1] The trial transcript shall be cited herein as Tr and the Record Appendix as R.

as reasons therefore the argument section of the Commonwealth's Brief (attachment 1 and 4).

SHORT STATEMENT OF FACTS
RELEVANT TO THE APPEAL

The facts arising at the defendant's trial have been established by the Appeals Court in the Rule 1:28 decision the Court entered in the codefendant's case, also attached hereto, Commonwealth v. Henriquez, 58 Mass. App. Ct. 1106 (unpub.) (2003). After convictions, both the defendant and the codefendant appealed. The proceedings of the trial were transcribed, but the codefendant's case was docketed and decided before the defendant's case was processed out of the trial court.

To the facts that the Appeals Court established from the defendant's trial proceedings in the codefendant's case, the defendant would add one other. When the police were breaking into the locked apartment where they found both defendants, they were already in the hallway space where the drugs amounting to over 200 grams were found, as it was accessible both from the street and possibly from another outside space. Tr. 1/75,77,102.

## STATEMENT OF POINTS WITH RESPECT TO WHICH
## FURTHER APPELLATE REVIEW IS SOUGHT

1. Because the Appeals Court ruled in the codefendant's case that impermissible police testimony entered erroneously, and affirmed only after weighing the overwhelming evidence against him, has it ruled inconsistently in the defendant's case by neither identifying nor analyzing that error for purposes of the defendant's appeal?

2. What evidence is necessary to permit the inference of the defendant's constructive possession of drugs found in a hallway that was not within the apartment where the defendant and others were nor exclusively accessible from that apartment?

## ARGUMENT

I. AFTER IDENTIFYING THE ERRONEOUS ENTRY OF IMPERMISSIBLE PROSECUTION TESTIMONY THE APPEALS COURT AFFIRMED IN THE CODEFENDANT'S CASE BECAUSE OF STRONG AND ONE-SIDED EVIDENCE BUT HAS NOT IDENTIFIED THE SAME ERROR OR ITS EFFECT IN THE CASE OF THE DEFENDANT WHO WAS MORE WEAKLY LINKED TO THE CRIME.

The Appeals Court has identified the facts arising in the defendant's case and has ruled that "error" arose at the trial. Commonwealth v. Henriquez, 58 Mass. App. Ct. 1106 (unpub.) (2003). The defendant has cited that error

in his own brief, as a basis for overturning his guilty verdict. See Defendant's Brief, PP. 21-22 (attachment 3).

Evidence absent from the defendant's case and present in the codefendant's includes consciousness of guilt (effort to flee/hide contraband), possession of a weapon/object of the drug trade, and the stashing of contraband with photo identification in a hide. Tr. 1/79-80, 83, 91-99. By contrast, the defendant's ID's were found next to his bed in a room free of contraband. Tr. 2/25-29.

The question for this Honorable Court is whether the fact that legal error has occurred at a trial requires particular consideration in the opinion of the reviewing court affirming the conviction. If the error existed in the codefendant's trial, and nothing specifically limited its effect to the codefendant, then that error should be ruled to have occurred in the defendant's case, as well. When the evidence presented against each codefendant was of a different variety and weight, the defendant's case deserves the review by the Court of the error in the proceedings and its particular effect on his verdict.

II. THE TRIAL COURT DECISION MUST BE REVERSED AND A JUDGMENT OF ACQUITTAL ENTERED IN THIS CASE BECAUSE THE EVIDENCE AGAINST THE DEFENDANT AT TRIAL WAS LEGALLY INSUFFICIENT TO SUPPORT THE JURY'S VERDICT OF GUILTY.

Because the evidence in this case is legally insufficient to convict under M.G.L. c. 94C, sec. 32(c)(4), both of the defendant's motions for a required finding should have been granted. Tr. 2/68-69. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). Even if, in a light most favorable to the Commonwealth, the evidence proved that the defendant lived in the apartment within which the police discovered loose drugs and drug paraphernalia, this is not enough to prove trafficking. The Commonwealth did not prove his constructive possession of the Sec. 32E(c)(4) weight drugs, which were found outside of the apartment in a space "accessible by a common stairway." See Commonwealth v. James, 54 Mass. App. Ct. 726, 727 (2002).

In a light most favorable to the Commonwealth, the evidence could not prove beyond a reasonable doubt that the defendant constructively possessed the hallway stash. The hallway was not exclusively accessible from the apartment. Rather, a door opened out onto the street, through which the police entered. Tr. 1/75. Up stairs, another door may have opened onto an some kind of unknown outside space.

Tr. 1/102. To prove constructive possession, the Commonwealth must prove more than the proximity of the defendant and his effects. See Commonwealth v. Washington, 50 Mass. App. Ct. 167, 170 (2000).

> "There must be evidence of the defendant's particular relationship with the place where the contraband was found, separate and apart from the evidence that personal effects of the defendant were found in proximity to the contraband." Id.

The case at bar is like Commonwealth v. James, where drugs and drug paraphernalia were found in the apartment. Commonwealth v. James, 54 Mass. App. Ct. 726, 729 (2002). As in James, the trafficking weight stash underlying the conviction was found outside of the apartment. Id. In these circumstances, legally sufficient evidence to convict the apartment occupant with drug trafficking does not exist without the "particular relationship" evidence required by Washington. Commonwealth v. Washington, 50 Mass. App. Ct. at 170.

In James, the defendant was arrested in a third floor apartment containing a smaller amount of drugs, specifically cocaine, while 102.17 grams of cocaine were discovered in the third floor shed. Commonwealth v. James, 54 Mass. App. Ct. at 727-728. There was "a separate

apartment on each floor and each apartment had a back porch, connected by a common stairway." Id. The James Court set aside the jury's trafficking verdict, and ordered judgment for that defendant, for the same reasons that control the case at bar; "landlords, anybody could use [the shed] to get in to do repair work." Id at 728.

The significant difference between the case at bar and James is that in the latter case, the third floor shed was accessible not just by the defendant's third floor apartment, but by other apartments in the building. Commonwealth v. James, 54 Mass. App. Ct. 726, 729 (2002). In a light most favorable to the Commonwealth, access to the hallway space is not established in the case at bar. Further appellate review can establish how far a defendant must be physically removed to defeat a presumption of constructive possession of objects contained within space likely accessible by unrelated third parties.

The James Court's conclusion of the legal effect of the presumptive access to the stash by landlords for repair work should be drawn to the same degree from the facts in the case at bar. Also, the door of the apartment the defendant was found in was locked against entry from someone in the hallway, such that the police had to break it down. Tr. 1/77.

Finally, like in <u>Commonwealth</u> v. <u>James</u>, the drugs found in the apartment were not matches for the hallway stash in terms of packaging or purity. Tr. 2/37. See also <u>Commonwealth</u> v. <u>Delarosa</u>, 50 Mass. App. Ct. 623, 627-628 (2000). Nor were the drugs found inside the apartment specifically traceable to the defendant, his room, or any of the other apartment occupants, except the codefendant through the gun and items hidden.

## CONCLUSION

For the reasons set forth above, the defendant's Application for Further Appellate Review should be granted.

Respectfully submitted,

JUAN RUIZ-SANTOS

By his attorney,

_____
Ian Stone BBO # 645560
351 Pleasant Street, Box 437
Northampton, MA 01060
Ph/Fx 413-665-7535

DATED 12/18/04

ATTACHMENTS

1. OPINION OF THE APPEALS COURT IN THE DEFENDANT'S CASE

2. OPINION OF THE APPEALS COURT IN THE CODEFENDANT'S CASE

3. COMMONWEALTH'S BRIEF CITED IN THE DEFENDANT'S OPINION

4. DEFENDANT'S BRIEF EXCERPT CITED IN THIS APPLICATION