UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUAN RUIZ-SANCHEZ, )
    Petitioner, )
)
-V- ) CIVIL ACTION
) NO. 05-10654-GAO
)
LUIS SPENCER, )
    Respondent. )

<u>PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS
HABEAS CORPUS FOR FAILURE TO EXHAUST STATE COURT REMEDIES</u>

PRIOR PROCEEDINGS

On March 3, 1999, a grand jury for Essex County returned an indictment charging petitioner with trafficking in 200 grams or more heroin. Petitioner was tried by a jury on September 28, 1999 through September 29, 1999. The jury found petitioner guilty of trafficking in heroin. Petitioner was sentenced to fifteen years to fifteen years and one-day. See Mass.Gen.Laws c. 94C, §32E(c)(4).

On November 23, 1999, petitioner appealed his conviction to the Massachusetts Appeals Court ("AC"). Petitioner raised three (3) issues for review, (i) the evidence was insufficient to convict petitioner; (ii) the trial judge erred reversibly by declining to instruct on the lesser included offense of possession of heroin, and (iii) cumulative, additional errors

was guilty party was error. The ("AC") held in co-defendant's trial that the same error was prejudicial error, but was harmless. But the same error took place at the defendant's (Petitioner's) trial and that it denied petitioner equally protection of law and due process (Ground Two).

    The Respondent now moves to dismiss (Ground Two) as it was not exhausted to the ("SJC"). (Res.Mem. at 3-4). The Respondent also argues that (Ground Two) was not fairly presented in all four-corners of Petitioner's ("ALOFAR"), and therefore, petitioner presents a mixed petition which must be dismissed under 28 U.S.C. §2254(b)(1)(A) ("AEDPA"). (Res. Mem. at 4).

    The Respondent, in the alternative, argues that if the Court finds that petitioner failed to exhaust his state court remedies or properly raised them in his ("ALOFAR"), instead of right out dismissing Petitioner's petition, hold petitioner's petition in a "stay-and-abeyance," and allow petitioner to return to the state court and exhaust (Ground Two) of his petition or if petitioner chooses to amend his petition to delete (Ground Two) from the petition.

    Respondent also argues that petitioner would not be in danger of returning to the habeas court with

(Ground Two) because petitioner will still have time on the clock. (Res.Mem. at 4-5).

Petitioner takes Respondent's arguments one at a time and he respectfully submits his Opposition To Respondent's Motion To Dismiss For Failure To Exhaust State Court Remedies.

## ARGUMENT

I. PETITIONER BROUGHT AND EXHAUSTED TWO CLAIMS FOR RELIEF IN HIS APPLICATION FOR FURTHER APPELLATE REVIEW AND THEREFORE, RESPONDENT'S MOTION TO DISMISS SHOULD BE DENIED

a. Exhaustion

In Rose v. Lunday, 455 U.S. 509, 518-519 (1982), the "Supreme Court held that 'mixed' §2254 petitions--that is, those containing both exhausted and unexhausted claims--must be dismissed for failure to exhaust state remedies. The Court reasoned that such a rule would 'further[] the policy of comity underlying the exhausted doctrine.'" Id. at 514, quoting Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 75 (1st Cir. 2002). The Supreme Court went on to hold that "[r]equiring 'total exhaustion' would 'encourage state prisoners to seek full relief first from the state courts, thus giving those courts

-5-

the first opportunity to review all claims of constitutional error.'" Moreover, "federal claims that have been fully exhausted in state court will more often be accompanied by a complete factual record to aid the federal courts in their review." Id. at 519; Nowaczyk, supra, at 75.

Petitioner raised (Ground One)(sufficiency of the evidence) on direct appeal and in his application for further appellate review. (Res.Supp.App.). See Commonwealth v. Ruiz-Santos, 62 Mass.App.Ct. 1112 (2004) and Commonwealth v. Ruiz-Santos, 443 Mass. 1103 (2005). See Barresi v. Maloney, 296 F.3d 48, 52-53 (1st Cir. 2002).

In Barresi, the Court held that "to resolve the question before [the Court], then, [the Court] must direct [their] attention primarily to Barresi's ("ALOFAR")." (See Adelson 131 F.3d at 263, Id. at 52.) ("[T]he decisive pleading [under Massachusetts practice] is the application for further appellate review, and [the Court] must determine whether the petitioner fairly presented the federal claim to the SJC within 'the four corners' of that application."), quoting Mele v. Fitchburg Dist, Court, 850 F.2d 817, 823 (1st Cir. 1988); Id. at 52.

In petitioner's case, he filed motions for required finding of not guilty based on insufficient evidence to sustain a conviction for trafficking in heroin by theory of constructive possession. (Tr: 2/68-69).[1] On direct appeal, petitioner raised this issue to the ("AC") arguing that the evidence in petitioner's case was legally insufficient to convict under M.G.L. c. 94C, §32(e), and that both of petitioner's motions for required finding of not guilty should have been granted. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).

Under Latimore, the Court reviews the insufficiency of the evidence claim in a light most favorable to the Commonwealth. The ("AC") affirmed petitioner's conviction in a Rule 1:28 opinion, only holding that "taking the evidence, as we must, in the light most favorable to the Commonwealth, we conclude otherwise. The Commonwealth's brief at 18-24 is persuasive on the point." The ("AC") never elaborated on the evidence, only that see Commonwealth's brief at 18-24.

Petitioner raised (Ground One)(sufficiency of the evidence) in "the four corners" of his ("ALOFAR").

---

[1] The transcripts are not part of this record as of yet, but if the Court needs these portions of the record, petitioner will supplement the record appendix.

-7-

(Res.Supp.App.). Petitioner made the same argument that he did on direct appeal, that the evidence was insufficient to convict him for trafficking in heroin on the theory of constructive possession. The pertinent case law was cited in support of Petitioner's arguments in his appellate brief and the legal standard of review. Latimore, 378 Mass. at 676-677.

The ("SJC") denied petitioner's application for further appellate review without making a decision on the merits. Petitioner then filed an application for a writ of habeas corpus pursuant to 28 U.S.C. §2254, raising the sufficiency of the evidence claim (Ground One). The standard of review in this Court is basically the same as that in state court. If the Latimore standard is satisfied, then the Federal standard is satisfied also. See Jackson v. Virgina, 443 U.S. 307, 319 (1979). See Hurtado v. Tucker, 245 F.3d 7, 13 (1st Cir. 2001); Torres v. Mullin, 317 F.3d 1145, 1163 (10th Cir. 2003).

Petitioner satisfies the Mele and Barresi standard, that a petitioner has to raise all his claims for review in "the four corners" of an ("ALOFAR"), and therefore, petitioner exhausted (Ground One) of his Petition. In addition, if this Court does not

-8-

acknowledge (Ground One) as exhausted, then this Court can look to the intermediate appellate court, providing a backdrop against which petitioner's later filings must be reviewed. Barresi v. Maloney, 296 F.3d 48, 52 (1st Cir. 2002), citing Scarpa v. DuBois, 38 F.3d 1, 7 (1st Cir. 1994).

In Barresi, the Court held that "appellate review is [never] confined to an examination of [the] pleading[s] in isolation[,] [r]ather, [the Court] [has] acknowledged that, under certain circumstances, the pleadings and filings submitting by a habeas petitioner to lower state courts e.g., a motion for a new trial or a brief submitted to an intermediate appellate court provides 'a backdrop against which [petitioner's] later filings [must] be viewed.'" Id. at 52.

Petitioner clears this hurdle and this Court can move to rule on the merits of (Ground One) under 28 U.S.C. §2254(d)(1).  See McCambriedge v. Hall, 303 F.3d 24, 35 (1st Cir. 2002).

Petitioner's second claim (Ground Two), where there was error committed at petitioner's trial and the same error at co-defendant's trial was initially raised in his ("AC") appellate brief and then raised in Petitioner's ("ALOFAR").

Petitioner sufficiently raised (Ground Two), that the jury was prepared to convict him without the minimum amount of evidence necessary and that it was a product of the errors that occurred during petitioner's trial. Furthermore, the only evidence of trafficking against petitioner was the improper testimony of O'Neill, a police officer, who stated his flat out conviction that the petitioner was guilty, the ultimate fact at issue in the trial for the jury to decide. (Tr: 2/58-64).

The testimony of Officer O'Neill has been held by the Massachusetts Appeals Court to be error, in the Court's unpublished opinion affirming co-defendant's conviction. See Commonwealth v. Rodriguez, 58 Mass. App.Ct. 1106 (2003), citing Commonwealth v. Lodge, 431 Mass. 461, 467 (2000); Commonwealth v. LeFave, 430 Mass. 169, 174 (1999). It is elementary that Officer O'Neill gave his personal opinion as to guilt.

On November 24, 2004, ("AC") affirmed petitioner's conviction in a Rule 1:28 opinion (unpublished). The Court only stated that "we are unpersuaded that the asserted errors, either singly or in combination, created any risk, let alone a substantial one, of a miscarriage of justice. See the Commonwealth's brief at 28-41."

-10-

Petitioner filed a ("ALOFAR"), thereby raising the same argument as he did in his appellate brief. (Res.Supp.App. at 3-4).

Petitioner strongly suggests that, although the error in his co-defendant's trial was considered harmless error because the evidence tilted more towards co-defendant then it did for petitioner, and that in light of the Appeals Court ruling in co-defendant's trial, and the weaknesses in petitioner's case, he should have the same opportunity and/or same law as that of his co-defendant. Because the different variety and weight of the evidence presented at co-defendant's and petitioner's trial deserves review by this Court of the error in the lower proceedings and its particular effect on petitioner's verdict.

Therefore, this claim (Ground Two) is fairly raised in Petitioner's ("ALOFAR"). (See ante at 9).

The Respondent claims that petitioner never identified the what errors were committed at his trial. (Res.Mem. at 2, n.2).

For the sake of argument, petitioner does raise and identify what errors took place at his trial and the record can speck for itself. Petitioner argueed in his ("ALOFAR") at page 3-4, that "absent from his case and present in his co-defendant's case includes consciousness of guilt (effort to flee/hide contraband,

possession of a weapon/object of the drug trade, and the stashing of contraband with photo identification in a hide." (Tr: 1/79-80,83,91-99). Petitioner further argued that "by contrast, the defendant (Petitioner's) ID's were found next to his bed in a room free of contraband." (Tr: 2/25-29).

Petitioner embellished in his appellate brief that the weight of the evidence was against co-defendant and that the only evidence against petitioner, was that he lived there in another room, offset by the co-defendant's. (Pet.App.Br. at 21-23).

Additionally, petitioner reiterates that in his ("ALOFAR") he argued that, "the question for this Honorable Court is whether the fact that legal error has occurred at a trial requires particular consideration in the opinion of the reviewing court affirming the conviction. If the error existed in the co-defendant's trial, and nothing specifically limited its effect to the co-defendant, then that error should be ruled to have occurred in the defendant's (Petitioner's) case, as well." (Res.Supp.App.).

Petitioner makes out an equal protection argument to the Massachusetts Appeals Court and the Supreme Judicial Court, and now in the United States District Court for Massachusetts (Ground Two).

-12-

## II. IN THE ALTERNATIVE, PETITIONER SHOULD HAVE AN OPPORTUNITY TO AMEND HIS PETITIONER TO DELETE (GROUND TWO), IF THIS COURT FINDS THAT PETITIONER FAILED TO EXHAUST (GROUND TWO)

a. Amendment

In the alternative to dismissal for failure to state court remedies, petitioner should be allowed to amend his petition to delete (Ground Two) of the petition, instead of holding petition in a "stay-and-abeyance." See Wojcik v. Spencer, 198 F.Supp.2d 1, 3 (D.Mass. 2002). See also Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 79 (1st Cir. 2002), citing Neverson v. Bissonnette, 261 F.3d 120, 126 (1st Cir. 2001) (the "relation back" doctrine derives from Federal Rule of Civil Procedure 15(c) (stipulated, inter alia, that '[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings'"). "Absent a specific saving clause, however, a dismissal without prejudice leaves a habeas petitioner who asserts a 'relation back' claim--like any other plaintiff in a civil action--in the same situation as if his first suit

-13-

had never been filed." Neverson, supra, at 126; Lefkowitz v. Fair, 816 F.2d 17, 21-24 (1st Cir. 1987). See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) (holding that "outright dismissal" of a mixed petition without leave to amend was 'improper', and emphasizing that 'district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims'").

If this Court finds that petitioner failed to exhaust (Ground Two) of his petition, then allow petitioner to amend his petition pursuant to Fed.R. Civ.P. 15(c) to relate back to his original filing and delete his nexhausted claim without being subject to the harsh penalties of dismissal, only to return to the state court or refile or resubmit his amended petition or exhausted petition, as it would only be time consuming, and put more of a burden on this Court and the Attorney General's Office in subjecting their office to refile all the same paperwork over again, and it would not serve comity and judicial economy in this case. Although the Respondent suggests in their motion to dismiss, that if this Court finds that petitioner failed to exhaust (Ground Two) of his petition, this Court can hold petitioner's petition in a "stay-and-abeyanc-" until petitioner returns to

-14-

the state court to exhaust his unexhausted claim, and then return to federal court with his exhausted claim.

Petitioner declines to return to the state court and only requests an opportunity to amend to delete (Ground Two) of the petition.

Therefore, petitioner prays that this Honorable Court allow him to amend his petitioner to delete his unexhauted claim, and preserve petitioner's right to file a Reply memorandum in support of his remaining exhausted claim (Ground One).

> Respectfully submitted
> by the Petitioner,
>
> /s/ Juan Ruiz-Santos
> Juan Ruiz-Santos, pro-se
> P.O. Box 43
> Norfolk, MA 02056

Dated: July 1, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JUAN RUIZ-SANTOS,<br>Petitioner, | )<br>)<br>)<br>) |  |
| -v- | )<br>)<br>) | CIVIL ACTION<br>NO. 05-10654-GAO |
| LUIS SPENCER,<br>Respondent. | )<br>)<br>)<br>) |  |

## CERTIFICATE OF SERVICE

I, Juan Ruiz-Santos Petitioner certifies that he has served upon the Respondent's attorney, Daniel I. Smulow, One Ashburton Place, Boston, Massachusetts 02108, one true and accurate copy of Petitioner's Opposition To Respondent's Motion To Dismiss Habeas Corpus For Failure To Exhaust State Court Remedies on this __1__ day of July, 2005, by first class mail, postage prepaid.

Respectfully submitted<br>
by the Petitioner,<br>
<br>
_/s/ Juan Ruiz-Santos_<br>
Juan Ruiz-Santos, pro-se<br>
P.O. Box 43<br>
Norfolk, MA 02056